IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00878-REB-KLM

DOUGLAS JAMES ALWARD,

     Plaintiff,

v.

KEVIN MILYARD,
RAYMOND HIGGINS,
CHRISTOPHER FLECKENSTEIN,
CHRISTOPHER GASSAWAY,
PATRICK WHITE,
JOHN WALRAVEN,
JEFFERY ERPS,
JOHN CHAPDELAIN,

     Defendants.

## STIPULATED PROTECTIVE ORDER

     The parties, by and through their respective counsel, hereby agree to the following Stipulated Protective Order and request that it be entered as an Order of the Court.

     ~~Upon a showing of good cause in support of the entry of a protective order~~ To protect the disclosure and discovery of confidential information in this case, IT IS ORDERED:

1.      This Protective Order shall apply to all documents, materials, and information,

including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.	As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.	Information designated "CONFIDENTIAL" shall be information in which a party has a statutory, regulatory, or common law right of privacy or protection against dissemination or disclosure as well as proprietary or non-public business information relating to operational strategies, policies, plans, corporate structure, and similar information treated or considered by a Party, whether by policy or practice, to be confidential or proprietary. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.	CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

	a.	attorneys actively working on this case;

b.  persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c.  the parties, including designated representatives for the entity parties;

d.  expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e.  the Court and its employees ("Court Personnel");

f.  stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g.  deponents, witnesses and potential witnesses;

h.  other persons by written agreement of the parties.

5.  A subset of CONFIDENTIAL information may be designated CONFIDENTIAL - ATTORNEYS ONLY.  Any information so designated shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

a.  attorneys actively working on this case;

b.  persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c.      expert witnesses and consultants retained in connection with this

            proceeding, to the extent such disclosure is necessary for preparation,

            trial, or other proceedings in this case;

    d.      Court Personnel;

    e.      stenographic reporters who are engaged in proceedings necessarily

            incident to the conduct of this action; and

    f.      other persons by written agreement of the parties.

6.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."  Documents are designated as CONFIDENTIAL - ATTORNEYS ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL - ATTORNEYS ONLY."

8.      Counsel for the party producing any information that will be designated CONFIDENTIAL shall review the information and, prior to designating such information CONFIDENTIAL, shall certify that the designation as CONFIDENTIAL is based on a good faith belief that the information is in fact confidential or otherwise entitled to protection.

9.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within twenty (20) days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to ~~file~~ make an appropriate motion requesting *pursuant to MJ Mix's discovery procedures* that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely ~~filed~~ made, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the

motion.   If the designating party fails to ~~file~~ make such a motion within the prescribed time,

the disputed information shall lose its designation as CONFIDENTIAL and shall not

thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In

connection with a motion ~~filed~~ made under this provision, the party designating the information

as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the

disputed information to be treated as CONFIDENTIAL.

11.     At the conclusion of this case, unless other arrangements are agreed upon, each

document and all copies thereof which have been designated as CONFIDENTIAL shall

be returned to the party that designated it CONFIDENTIAL, or the parties may elect to

destroy CONFIDENTIAL documents.  Where the parties agree to destroy

CONFIDENTIAL documents, the destroying party shall provide all parties with an

affidavit confirming the destruction.

12. By designating information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS

EYES ONLY and producing such information pursuant to the terms of this Protective

Order, no party waives any objections or statutory exemptions that may otherwise be

asserted.

13.     This Protective Order may be modified by the Court at any time for good

cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this _26th_ day of _November_, 2013.

BY THE COURT:

_____
United States Magistrate Judge